## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

Matthew Van Riesen,

                           Plaintiff,

      v.

AmeriCold Logistics, LLC

                           Defendant.

Court File No.

**COMPLAINT AND JURY DEMAND**

_____

## INTRODUCTION

Plaintiff Matthew Van Riesen is a qualified disabled person, who worked successfully for many years as a forklift operator in Defendant AmeriCold Logistics' Park Rapids, Minnesota facility. After Plaintiff aggravated a prior injury, he requested reasonable accommodations in order to return to work. Defendant refused to return Plaintiff to work until he could work without restrictions, despite Plaintiff's repeated requests to return to work and repeated assurances that he could perform the essential functions of his job with reasonable accommodation. The Equal Employment Opportunity Commission determined that Defendant had violated the Americans with Disabilities Act by refusing to accommodate Plaintiff's disability and retaliated against him by refusing to return him to work. Plaintiff seeks damages for violation of the Americans with Disabilities Act and the Minnesota Human Rights Act.

## THE PARTIES

1. Plaintiff is an individual residing in Park Raids, Minnesota.

2. Defendant AmeriCold Logistics, LLC, is a Delaware limited liability company, headquartered at 10 Glenlake Parkway South Tower, Suite 600, Atlanta, Georgia. Defendant operates a plant in Park Rapids, Minnesota. Defendant's Minnesota registered office address is 1010 Dale Street North, St. Paul, Minnesota 55117.

## JURISDICTION

3. The Court has original jurisdiction over Plaintiff's claims under the Americans with Disabilities Act, making jurisdiction appropriate under 28 U.S.C. §1331.

4. Plaintiff's remaining claims are so closely related to the claims over which the Court has original jurisdiction that supplemental jurisdiction is appropriate under 28 U.S.C. § 1367.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on December 21, 2015.  The EEOC cross-filed the charge with the Minnesota Department of Human Rights.

6. The EEOC issued a determination on March 20, 2018, finding reasonable cause to believe that Plaintiff was discriminated against because of his disability and retaliated against when Defendant failed to reasonably accommodate him.

7. The EEOC issued a right to sue letter on November 19, 2018.

## FACTS

8. Plaintiff was hired by Defendant on October 29, 2008.

9. Plaintiff was injured while working for Defendant in 2012, which resulted in Plaintiff being substantially impaired in one or more major life activities, and therefore disabled.

10. In September 2015, Plaintiff was again injured and exacerbated his prior disability.

11. Plaintiff had worked as a forklift operator from July 2013 until September 2015.  He was able to perform the essential functions of the forklift operator job.

12. Plaintiff attempted to return to work in the fall of 2015.   At the time Plaintiff requested return to work, he was able to perform the essential functions of his job, with reasonable accommodation.

13. Plaintiff requested the following accommodation, at the recommendation of his treating physician:  that he be returned to work, to tolerance level, with a restriction of not lifting more than 36 pounds from the floor.  Plaintiff's job duties required lifting 36-pound cases from the floor, which he could do. Plaintiff had had similar restrictions from 2012 to 2015, and was able to successfully complete the essential functions of his job.

14. Defendant refused to permit Plaintiff to return to work.

15. Defendant placed Plaintiff on a medical leave of absence, without pay, against Plaintiff's repeated demands to be returned to work.

16. Defendant's Human Relations Manager informed Plaintiff that he would not be permitted to return to work until he was able to work without restrictions.

17. Defendant continued to seek applicants for forklift operator positions in its Park Rapids, Minnesota location after it refused to permit Plaintiff to return to work.

18. As a result of Defendant's refusal to return Plaintiff to work, Plaintiff suffered a prolonged period of unemployment, losing wages and benefits.

3

19. In 2013, the Equal Employment Opportunity Commission sued Defendant for violation of the Americans with Disabilities Act, alleging that Defendant had a practice of refusing to return employees to work until they were free of any work restriction, which resulted in a consent decree under which Defendant was required to pay $46,000 in damages.

20. Following the resolution of the EEOC lawsuit, Defendant continued its discriminatory policy, including imposing the illegal policy on Plaintiff.

## COUNT ONE

### Americans with Disabilities Act-Failure to Accommodate Disability

21. Plaintiff realleges each of the preceding paragraphs and includes them as though fully restated in this count.

22. Defendant violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. by refusing to reasonably accommodate Plaintiff's disability.

23. As a result of this violation, Plaintiff suffered loss of pay, loss of benefits and emotional anguish damages.

24. As a result of this violation, Plaintiff has incurred, and continues to incur, attorney fees and costs.

## COUNT TWO

### Americans with Disabilities Act – Reprisal

25. Plaintiff realleges each of the preceding paragraphs and includes them as though fully restated in this count.

26. Defendant violated the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* by retaliating against Plaintiff for requesting a reasonable accommodation under the ADA.

27. As a result of this violation, Plaintiff suffered loss of pay, loss of benefits and emotional anguish damages.

28. As a result of this violation, Plaintiff has incurred, and continues to incur, attorney fees and costs.

## COUNT THREE

### Minnesota Human Rights Act- Disability Discrimination

29. Plaintiff realleges each of the preceding paragraphs and includes them as though fully restated in this count.

30. Defendant violated the Minnesota Human Rights Act, Minn. Stat. §363A.01 *et seq.* by failing to accommodate Plaintiff's disability, thereby discriminating against him.

31. As a result of this violation, Plaintiff suffered loss of pay, loss of benefits and emotional anguish damages.

32. As a result of this violation, Plaintiff has incurred, and continues to incur, attorney fees and costs.

## COUNT FOUR

### Minnesota Human Rights Act – Reprisal

33. Plaintiff realleges each of the preceding paragraphs and includes them as though fully restated in this count.

34. Defendant violated the Minnesota Human Rights Act, Minn. Stat. §363A.15 by engaging in reprisal against Plaintiff for requesting a reasonable accommodation under the MHRA and opposing Defendant's violation of the Act.

35. As a result of this violation, Plaintiff suffered loss of pay, loss of benefits and emotional anguish damages.

36. As a result of this violation, Plaintiff has incurred, and continues to incur, attorney fees and costs.

## PRAYER FOR RELIEF

Plaintiff demands that judgment be entered in his favor and prays the Court to award the following relief:

1. Damages for pay loss and loss of benefits, in an amount to be proved at trial;

2. Damages for emotional anguish, in an amount to be proved at trial;

3. Punitive damages, in an amount to be proved at trial;

4. Treble damages pursuant to the Minnesota Human Rights Act, Minn. Stat. §363A.29;

5. A civil penalty to the state, pursuant to the Minnesota Human Rights Act, Minn. Stat. §363A.29;

6. Such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury on all claims.

Dated: January 9, 2019

*s/Leslie L. Lienemann*
Leslie L. Lienemann (MN No. 0230194)
Celeste E. Culberth (MN No. 0228187)
**CULBERTH & LIENEMANN, LLP**
1050 UBS Plaza
444 Cedar Street
St. Paul, MN 55101
(651) 290-9300 (Telephone)
(651) 290-9305 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**